IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAISSA DJUISSI KENGNE,

    Plaintiff,

v.

GEORGIA POWER COMPANY,

    Defendant.

CIVIL ACTION FILE

NO. 1:22-cv-02297-SEG

# FINAL REPORT AND RECOMMENDATION

# AND ORDER

Plaintiff, proceeding without counsel, seeks leave to file this civil action *in forma pauperis* ("IFP"), without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). [Doc. 1, Application]. This is the third lawsuit that Plaintiff has filed this week seeking permission to proceed IFP.[1]

## I.  Plaintiff's IFP Application

The affidavit of poverty submitted by Plaintiff indicates that over the past twelve months, Plaintiff has earned an average monthly income of $7,500 from her

---

[1] *See* Case No. 1:22-cv-02237-SEG, *Raissa Djuissi Kengne v. ID.me, Inc., et al.*, and Case No. 1:22-cv-02263-SEG-CMS, *Raissa Djuissi Kengne v. AG South Farm Credit, et al.*

employment and retirement, which amounts to $90,000 on an annual basis. [Doc. 1 at 1–2]. Before she left her most recent employment, she was earning $9,583.00 per month. She does not list any children or a spouse that rely on her for support. [*Id.* at 3]. She reports that she owns a condominium valued at approximately $500,000, a land lot worth $55,000, and an abandoned house worth approximately $200,000. [*Id.*]. Plaintiff has estimated her total monthly expenses at approximately $13,125.00. [*Id.* at 5].

Plaintiff's allegations of poverty are not fully supported by the record. With an annual income of approximately $90,000, Plaintiff is well above the poverty level.[2] Although Plaintiff lists average monthly expenses of $13,125.00, some of the discretionary amounts for one person seem unnecessarily high, such as $1000 for food, $200 for laundry and dry cleaning, and $6000 in monthly credit card installment payments to Bank of America, Citi Bank, and American Express. [Doc. 1 at 4].

Although Plaintiff may have limited funds, and may have other priorities for those funds, I believe that she is able to pay the required $402 filing fee and should do so if she wishes to pursue this case. For the reasons stated, I find that Plaintiff has

---

[2] *See* https://aspe.hhs.gov/poverty-guidelines (last visited June 8, 2022).

AO 72A
(Rev.8/82)

sufficient means to pay the filing fee and incur the costs of these proceedings. Thus, Plaintiff's request to proceed IFP is **DENIED**.

If Plaintiff wishes to proceed with this action, she is **ORDERED** to pay the appropriate filing fee to the Clerk within **21 days** of the date of this Order.

## II.     Plaintiff's Complaint

Before she does so, however, the undersigned notes, after reviewing Plaintiff's proposed complaint and request for injunctive relief and declaratory judgment, that as currently drafted, Plaintiff's complaint fails to show that this Court has subject matter jurisdiction over her claims against the defendant, Georgia Power Company. Plaintiff's complaint cites only Georgia state statutes and regulations, and her allegations chiefly pertain to a billing dispute that she, as a residential customer of Georgia Power, has with the defendant. She alleges that Georgia Power wrongfully disconnected her residential electrical service and closed her account for nonpayment. She asks this Court to order Georgia Power to permit Plaintiff to pay the past due amounts on her account using the same account number she has had for more than ten years, and to restore power to Plaintiff's home immediately, due to Georgia Power's alleged violations of local rules and regulations. She alleges that she never received a disconnection notice, but she also alleges that her condominium management

withheld her mail access during the relevant period and that the mail issue is part of a lawsuit that she has filed in the Superior Court of Fulton County. [Doc. 1-1, Compl., at 1–4]. The amounts Plaintiff alleges she is in arrears with Georgia Power total less than $1000.

It is well-settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). It is the plaintiff's burden to demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In this case, the civil cover sheet that Plaintiff completed to initiate this lawsuit indicates that she is asserting federal question jurisdiction. [Doc. 1-3 at 1]. However, there are no allegations in Plaintiff's proposed complaint to support federal question jurisdiction. All statutes, rules and regulations cited by Plaintiff to support her claims against the utility company are based on state and/or local law. [*Id.*]. She has not cited any federal law or statute that would provide federal question subject matter jurisdiction over her claims.

It is also apparent that no diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the

amount in controversy exceeds $75,000 and is between citizens of different states. *See id.* The pleadings and the civil cover sheet that Plaintiff completed indicate that both she and the Georgia Power Company are citizens of the State of Georgia. [Doc. 1-3 at 1]. Plaintiff's allegations also show that the amount in controversy is less than $1000. Thus, Plaintiff's complaint fails to show that the amount in controversy exceeds $75,000 and the action is between citizens of different states.

### III.   Conclusion

For the reasons stated, I **RECOMMEND** that Plaintiff's complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction, and the case closed. Plaintiff's application to proceed IFP is **DENIED**.

**IT IS SO RECOMMENDED AND ORDERED**, this 10th day of June, 2022.

_[signature]_

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)