# IN THE UNITED STATES DISTRIC COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 1 7 2022

KEVIN P WEIMER, Clerk
By: *Pau The* Deputy Cler,

| | | |
|---|---|---|
| RAISSA DJUISSI KENGNE, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | 1:22-CV-2297 |
| ID.ME, INC. | ) | |
| COGENCY GLOBAL INC. | ) | |
| 250 BROWNS HILL CT, | ) | |
| MIDLOTHIAN, VA, 23114 - 9510, USA | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO STAY THE CASE AND BRIEF IN

## SUPPORT

## TABLE OF CONTENTS

PROCEDURAL POSTURE ..................................................................................3

ARGUMENT AND CITATION OF AUTHORITY................................................4

CONCLUSION.................................................................................................6

CERTIFICATE OF SERVICE .............................................................................8

**Cases**

*Griggs v.*.......................................................................................................5

Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191,
1198 (11th Cir. 2009)..............................................................................5

Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 401, 74 L. Ed.
2d 225 (1982)..........................................................................................5

Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.,
895 F.2d 711, 713 (11th Cir. 1990) ........................................................5

**Statutes**

28 U.S. Code § 1441 - Removal of civil actions ......................................................3

28 U.S. Code § 1447 - Procedure after removal generally........................................3

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFF, RAISSA DJUISSI KENGNE ("Plaintiff" or "Whistleblower") files this Motion To Stay The Case And Brief In Support pursuant to 28 U.S. Code § 1441 and 28 U.S. Code § 1447. For the reasons set forth in this instrument, Plaintiff respectfully requests that this Court stay the case.

In order to avoid the potentially unnecessary cost and burden of litigation, Plaintiff moves that this case including their answers be stayed pending a ruling on Plaintiff's Appeal.

## PROCEDURAL POSTURE

Plaintiff Raissa Djuissi Kengne filed the Complaint and the request to proceed IFP on June 6th, 2022, (doc. 1).

Judge Catherine M. Salinas issued the first Recommendation and Report ("R&R") and order denying (Doc.1) Application for Leave to Proceed in forma pauperis.

Plaintiff Raissa Djuissi Kengne filed a Motion for Reconsideration and Response and Objections to the first R&R and Order on July 1st, 2022.

Shortly thereafter, Plaintiff Raissa Djuissi Kengne filed a Motion for Appeal on the R&R and Order of Judge Catherine M. Salinas on July 5th, 2022.

On August 5th, 2022, Judge Catherine M. Salinas issued the following report and recommendation and order, which was the second R&R and order on this case:

- Ordered that Plaintiff's application to proceed IFP be denied.
- Recommended that Plaintiff's complaint be dismissed without prejudice.
- Directed to terminate the submission and/or reference.

On August 17th, 2022, Plaintiff Raissa Djuissi Kengne filed a Response and Objections to (Docs. 7, 8) the second Report and Recommendation and objected to the R&R and order being adopted to the extent it recommends that 1) Plaintiff's application to proceed IFP be denied, 2) Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction and for failure to comply with a lawful order of the Court.

Plaintiff Raissa Djuissi Kengne filed a Notice of Appeal of the Court's R&R and order on August 17th, 2022.

Plaintiff Raissa Djuissi Kengne now seeks to stay the case pending the outcome of the appeal.

## ARGUMENT AND CITATION OF AUTHORITY

The Supreme Court has explained that "a federal district court and a federal

court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 401, 74 L. Ed. 2d 225 (1982).

As the Eleventh Circuit has explained, once a notice of appeal has been filed, the "district court retains only the authority to act in aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superseded." Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc., 895 F.2d 711, 713 (11th Cir. 1990).

Moreover, Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d).

Further, federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency. See, e.g., Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009) (approving district court's decision to stay case pending appeal in another case that was "likely to have a substantial or controlling effect on the claims and issues in the stayed case"). As any decision from the Court of Appeals will have profound

impact on the development of this case and because it is in the interests of efficiency and justice, this Court should exercise its discretion this case and relieve the parties from having to exert additional resources pending a ruling on Plaintiff's appeal.

This case does not involve novel questions related to the constitutionality of a state statute. As part of the review related to the appeal, the Circuit Court of Appeals will necessarily be required to examine the viability of Plaintiff's claims. As such the issues on appeal bear directly on the further adjudication of this case before this Court.

The issues in the pending appeal mirror the issues remaining in this court and Plaintiff believes that in the interest of judicial economy, and a desire to conserve the resources of the parties that a stay of the case is warranted.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court stay this matter until the appeal is adjudicated.

(Signature page follows)

Dated: August 17th, 2022

Respectfully submitted,

Raissa Djuissi Kengne
Pro Se

Physical Address:

1280 W. Peachtree ST NW. Unit 2109

Atlanta, GA 30309

Telephone: (404) 932-1651

Email: cianeseya2022@gmail.com

Mailing Address:

570 Piedmont Ave. NE #55166

Atlanta, GA 30308

State of Georgia
County of Fulton

This instrument was acknowledged before me this 17th day of August (month), 2022 (year), by Raissa Djuissi Kengne (name of signer).

_____ Personally Known
___✓___ Produced Identification

Type and # of ID - Driver's License # 055491430

(Seal)

Jocelyn Algarin
NOTARY PUBLIC
Cobb County, GEORGIA
My Commission Expires 03/08/2026

(Signature Notary)

Jocelyn Algarin
Name of Notary Typed, Stamped or Printed)

Notary Public, State of Georgia

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 17th, 2022, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rules, by mailing the same, certified mail with return receipt, to the address listed below.

ID.ME, INC.
COGENCY GLOBAL INC.
250 BROWNS HILL CT,
MIDLOTHIAN, VA, 23114 - 9510, USA

Respectfully submitted,



Raissa Djuissi Kengne
Pro Se

Mailing Address:                         Physical Address:
570 Piedmont Ave. NE #55166              1280 W. Peachtree ST NW. Unit 2109
Atlanta, GA 30308                        Atlanta, GA 30309
Telephone: (404) 932-1561
cianeseya2022@gmail.com